**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-7976**

───────────

JAMES AARON HAYES,

Plaintiff - Appellant,

versus

JEFFREY STANLEY; NORA HUNT; DELANEY GODWIN;
CORRECTIONAL OFFICER SCHOOLCRAFT; THEODIS
BECK,

Defendants - Appellees.

───────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Louise W. Flanagan, Chief
District Judge. (CA-03-759)

───────────

Submitted: May 31, 2005          Decided: June 27, 2005

───────────

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

───────────

James Aaron Hayes, Appellant Pro Se. James Philip Allen, NORTH
CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for
Appellees.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James Aaron Hayes appeals the district court's orders (1) dismissing one claim as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) (2000), and denying his motion for a preliminary injunction in this action filed under 42 U.S.C. § 1983 (2000); and (2) dismissing the remaining § 1983 claims under 28 U.S.C. § 1997e(a) (2000) for failure to exhaust administrative remedies. We have reviewed the record and find no reversible error in the court's order described in (1) above. Accordingly, we affirm for the reasons stated by the district court. See Hayes v. Stanley, No. CA-03-759 (E.D.N.C. filed Dec. 1, 2003 & entered Dec. 3, 2003).

Turning to the order described in (2) above, we find that, contrary to the district court's conclusion, the record reflects that Hayes completed each step of the grievance procedure regarding his access to courts claim. See Alexander v. Tippah County, Miss., 351 F.3d 626, 629 (5th Cir. 2003) (stating that appellate court reviews de novo dismissal for failure to exhaust), cert. denied, 541 U.S. 1012 (2004). We therefore vacate this portion of the district court's order and remand for further proceedings.

As to the remaining claims dismissed for failure to exhaust, Hayes alleged that administrative remedies were unavailable to him because Defendants lost, destroyed, or delayed processing his grievances. Defendants did not refute this

- 2 -

allegation, and it is their burden to plead and prove that an inmate failed to exhaust administrative remedies. <u>Anderson v. XYZ Corr. Health Servs., Inc.</u>, __ F.3d __, 2005 WL 1154156, at *9 (4th Cir. May 17, 2005) (No. 04-6885).[*] Accordingly, we vacate this portion of the district court's order and remand for further proceedings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>

---

[*]We note that the district court did not have the benefit of our decision in <u>Anderson</u> when it issued its order.

- 3 -